UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:25-cv-679-KDB

| | |
|---|---|
| JEREMIAH BARWICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| CHIEF HEAD PUBLIC DEFENDER, ) | |
| et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Motion/ Petition to Appeal & Proceed" [Doc. 7].

The pro se Plaintiff, a detainee at the Union County Jail ("UCJ"), filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He names as Defendants: the head public defender for Union County; Tarra Collins, an assistant public defender; and Ashton Little, a legal assistant at the public defender's office. [Id. at 1-3]. The Plaintiff claims violations of his Fifth, Sixth, and Eighth Amendment rights in that he is receiving deficient representation in his pending criminal case, i.e., "no communication, prompt communication, improper counsel." [Id. at 3-4]. For injury, he states "N/A." [Id. at 8]. He seeks injunctive relief – "[t]o have the public defender office do its job…" and to move his trial to another district where he can receive "impartial due process" – and punitive damages. [Id.].

The Plaintiff applied to proceed in forma pauperis. [Doc. 5]. On October 1, 2025, the Court denied Plaintiff's IFP Application because he appears to be a "three striker" pursuant to 28 U.S.C. § 1915(g), and ordered him to pay the full filing fee within 21 days. [Doc. 6]. The Court relied on

the following § 1983 cases that were dismissed in the Eastern District of Tennessee: <u>Barwick v. Johnson City Police Dep't</u>, No. 2:12-cv-00235, which was dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim; <u>Barwick v. Johnson City Police Sex Offender Reg.</u>, No. 2:12-cv-00267, which was dismissed on initial review as frivolous; and <u>Barwick v. Washington County Det. Ctr.</u>, No. 2:12-cv-00331, which was dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

In the instant Motion, the Plaintiff essentially seeks reconsideration of the Court's October 1 Order finding him to be a "three-striker" under 28 U.S.C. § 1915(g). That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[A] district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514-15 (4th Cir. 2003).

First, the Plaintiff contends that he does not have three "strikes" because: his "first suit" was dismissed for lack of prosecution, which does not count as a strike; the denial of an IFP application is not a "strike" because "a single judge can't dismiss an appeal;" and he has two prior suits, rather than three. [Doc. 7 at 1-2]. These arguments are vague, conclusory, and unclear. They also lack a legal or factual basis. The Court relied on the three cases outlined above to conclude that the Plaintiff is a three-striker. Each dismissal was for failure to state a claim or as frivolous pursuant to § 1915(e)(2) or Rule 12(b)(6), which are "strikes" under § 1915(g). See generally <u>Blakely v. Wards</u>, 738 F.3d 607, 610 (4th Cir. 2013) (the fact that an action was dismissed as

2

Case 3:25-cv-00679-KDB     Document 8     Filed 10/16/25     Page 2 of 4

the following § 1983 cases that were dismissed in the Eastern District of Tennessee: <u>Barwick v. Johnson City Police Dep't</u>, No. 2:12-cv-00235, which was dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim; <u>Barwick v. Johnson City Police Sex Offender Reg.</u>, No. 2:12-cv-00267, which was dismissed on initial review as frivolous; and <u>Barwick v. Washington County Det. Ctr.</u>, No. 2:12-cv-00331, which was dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

In the instant Motion, the Plaintiff essentially seeks reconsideration of the Court's October 1 Order finding him to be a "three-striker" under 28 U.S.C. § 1915(g). That provision provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[A] district court retains the power to reconsider and modify its interlocutory judgments … at any time prior to final judgment when such is warranted." <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514-15 (4th Cir. 2003).

First, the Plaintiff contends that he does not have three "strikes" because: his "first suit" was dismissed for lack of prosecution, which does not count as a strike; the denial of an IFP application is not a "strike" because "a single judge can't dismiss an appeal;" and he has two prior suits, rather than three. [Doc. 7 at 1-2]. These arguments are vague, conclusory, and unclear. They also lack a legal or factual basis. The Court relied on the three cases outlined above to conclude that the Plaintiff is a three-striker. Each dismissal was for failure to state a claim or as frivolous pursuant to § 1915(e)(2) or Rule 12(b)(6), which are "strikes" under § 1915(g). See generally <u>Blakely v. Wards</u>, 738 F.3d 607, 610 (4th Cir. 2013) (the fact that an action was dismissed as

frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal courts as a strike under § 1915(g))(as amended). None of the dismissals was for lack of prosecution,[1] and there is no requirement that a qualifying dismissal be ordered by an appellate panel rather than by a district judge. See generally 28 U.S.C. § 1915. The Plaintiff's mere disagreement with the Court's conclusion that he has three strikes is insufficient.

The Plaintiff also argues that the § 1915(g) imminent danger exception applies. Section 1915(g) requires that the "imminent danger" exist contemporaneously when the action is filed. Hall v. United States, 44 F.4th 218, 224 (4th Cir. 2022). Courts have broad discretion to consider all the factual allegations, whether past or present, which support a finding that the plaintiff is in "imminent danger" at the time of their filing. Id. at 218. Although past allegations of danger or threats of harm, on their own, are insufficient to satisfy the imminent danger exception, they may be considered in evaluating whether the danger is imminent at the time of filing. Id. at 224; see Holley v. Combs, 134 F.4th 142, 146 (4th Cir. 2025) ("A prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the imminent danger exception.") (internal quotations omitted). A plaintiff must also demonstrate a nexus between the alleged imminent danger and the underlying claim. See Hall, 44 F.4th at 230; Meyers v. Comm'r of Soc. Sec. Admin., 801 F. App'x 90, 96 (4th Cir. 2020).

Here, the Plaintiff contends that: he has requested a transfer to another facility, which shows his fear of imminent harm; on September 10, Deputy Younts pointed the Plaintiff out to Sgt. Martin, whom Plaintiff has sued before, and told Plaintiff that Martin is "the one … that's going to kill you;" and jail officials are taking adverse actions against Plaintiff, i.e., "death threat,

---

[1] The Plaintiff's contention that a dismissal for lack of prosecutions cannot qualify as a "strike" is mistaken in any event. See, e.g., Burrell v. Shirley, 142 F.4th 239 (4th Cir. 2025) (if a plaintiff fails to amend a complaint after the court finds that the complaint had failed to state a claim, the dismissal is effectively for failure to state a claim).

3

threaten to kill, … mail lost, turn in exercise yard forgotten, legal mail intercepted, copies need to send to defendants" in response to Plaintiff's protected conduct. [Id. at 2-3]. The Plaintiff's allegations of fear and of threats and retaliation by UCJ staff are too vague and conclusory to demonstrate that he was under imminent danger at the time he filed the instant action. Moreover, there is no discernable nexus between his § 1983 claims addressing his dissatisfaction with criminal counsel's representation, and the alleged threats and retaliation by UCJ staff. He has, therefore, failed to demonstrate that the imminent danger exception to § 1915(g) applies.

The Plaintiff's Motion seeking reconsideration of the Court's October 1 Order declaring him to be a three-striker is, therefore, denied. The Plaintiff shall have until November 6, 2025 to pay the full filing fee in this case. Should he fail to timely comply, this case will be dismissed and closed without further notice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion/ Petition to Appeal & Proceed" [Doc. 7] is construed as a Motion for Reconsideration of the Court's October 1, 2025 Order and it is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff shall pay the full filing fee by November 6, 2021. Should he fail to timely comply, this case will be dismissed and closed without further notice.

**IT IS SO ORDERED.**

Signed: October 16, 2025

Kenneth D. Bell
United States District Judge